MADDOX, Justice
(dissenting).
The majority, applying the venue provisions of Rule 82(b)(1)(A) and (c), Ala.R. Civ.P., and cases of this Court applying that Rule in causes of actions arising before July 14, 1987, the effective date of Ala. Acts 1987, No. 87-391, which is now carried in Code 1975, as § 6-3-11, concludes that the writ should be granted.
The learned trial judge was imminently correct when he applied the provisions of § 6-3-11. The constitution of this State, in Amendment No. 328, § 6.11, specifically provides that: “These rules [adopted by this Court] may be changed by a general act of statewide application.”
The Legislature intended that venue “for all civil actions for damages for personal injury, death or property damage filed against a county or against a municipality shall be in the county or in the county *1099 within which the municipality is located or in the county in which the act or omission complained of occurred.” In this case, the municipality is located in Eto-wah County, and the act or omission complained of occurred in Etowah County. How can Rule 82, which so plainly is in conflict with the legislative mandate, control? I do not think it does. I dissent.
ALMON, J., concurs.